380 P.2d 996

**The STATE of Arizona, Appellee,**

v.

**Gary DAYMUS, Appellant.**

**No. 1276.**

Supreme Court of Arizona.

In Division.

April 25, 1963.

Rehearing Denied May 21, 1963.

Lawrence C. Cantor, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., Philip M. Haggerty, Asst. Atty. Gen., and Charles N. Ronan, Maricopa County Atty., for appellee.

STRUCKMEYER, Justice.

Gary Daymus, appellant herein, was convicted of drawing a check on insufficient funds in violation of A.R.S. § 13–316, and on appeal the conviction was affirmed. State v. Daymus, 90 Ariz. 294, 367 P.2d 647. He now appeals from an order denying a new trial for newly discovered evidence presented under Rules of Criminal Procedure, Rule 310, 17 A.R.S.

A new trial for newly discovered evidence is mandatory if its introduction at the trial would probably have changed the verdict and if the defendant could not, with reasonable diligence, have discovered and produced the evidence upon the trial. State v. Hill, 88 Ariz. 33, 352 P.2d 699.

The item relied on as new evidence is a check dated March 24, 1959, payable to one Stan Sugarman in the amount of $5,500 drawn by defendant on the account of the International Motor Plaza with the Scottsdale Branch of the First National Bank of Arizona. This is the account upon which defendant drew the check of $3,135 to Stallings Motors which was the basis of his conviction. The check was marked as a collection item, was deposited by Sugarman at the Central and Grant Street Branch of the First National Bank on March 25, 1959 and paid by the Scottsdale Branch on April 6, 1959 although the cancellation date is April 8, 1959.

The failure to produce the check at the trial is explained for the reason that defendant's books and records were at that time in the custody of the Federal Bankruptcy Court in Phoenix, Arizona. But certain of these records were admitted into evidence on behalf of the state. There is no indication as to how these were obtained. There is no showing that defendant or his counsel made any attempt to secure these records or even to examine them and there is no showing that they were not in fact examined on behalf of defendant. Defendant claims that he forgot about the $5,500 check until several months after he began serving his sentence in the state prison at Florence.

■■ The foregoing does not meet the test either of newly discovered evidence or due diligence. Information within the personal knowledge of defendant does not become newly discovered evidence by reason of later recollection, People v. Williams, 242 Ill. 197, 89 N.E. 1030, 17 Ann.Cas. 313; Anno. 17 Ann.Cas. 317, at least where there is no showing of lack of negligence or diligence. State v. Love, 77 Ariz. 46, 266 P.2d 1079. cf. People v. Ogbin, 368 Ill. 173, 13 N.E.2d 162; Whitt v. Farley, (Ky.) 275 S.W.2d 906, 50 A.L.R.2d 990; and see 39 Am.Jur. 168, New Trial, Section 161.

At the hearing on the motion defendant testified he had given oral instructions to the Scottsdale Branch of the First National Bank that collection checks were not to be paid unless there were sufficient funds at the close of the banking day. The argument now is that the Sugarman check was paid in due course as any other check; that this depleted the bank account and that if this check had not been paid, there would have been funds to pay the check to Stallings Motors in the amount of $3,135. Larkin, manager of the Scottsdale Branch testified that he could not remember whether there were such instructions.

One of the defendant's positions at the trial was that the Stallings check was intended to be a collection check. In connection with this defendant testified as follows:

"THE WITNESS: Yes, I did, I gave instructions to Mrs. Morrow.

"MR. HOLROYD: What were those instructions?

"A   When she turned over this check to Mr. Smith, who was our sales manager, to be sure to tell him it was a collection item.

"Q   Gary, for purposes and procedures in your business, what do you mean by a collection draft, collection item check?

"A   A check that is put on deposit at a bank and will be paid at the first available time there are funds in excess of those checks that are presented through normal channels.

"Q   Is that your understanding of the reason that Mr. Larkin and Mr. Jenkins—

"A   Yes, sir.

"Q   Do you know, Gary, how many similar checks were deposited for collection in the Scottsdale Bank during the period of your operation?

"A   Many, I don't know the exact number.

"Q   Did the bank, Mr. Larkin or Mr. Jenkins, ordinarily call you prior to the payment of a collection item draft?

"A   Definitely.

"Q   And what was the purpose of those calls?

"A   To be sure that I wanted to pay that particular collection item, because many times there were cars that were involved."

Exhibit 2, submitted at the trial, consists of ledger cards showing defendant's account on a day to day basis. According to this exhibit on April 6th at the end of the day there still remained a balance of $3,706.50 after paying the Sugarman check. This indicates a compliance with the instructions, not a violation. The Stallings check was not written until April 9, 1959.

■■ The remainder of the argument on the motion concerns the effect of evidence showing an overdraft of $3,247.57 on March 27, 1959. State's exhibit 2 shows the overdraft to be initialed by Larkin. It is argued that the initials automatically show an approved extension of credit to defendant at that date. The overdraft as an extension of credit was thoroughly examined and argued at the trial and on the appeal. As stated in the opinion on the previous appeal, this evidence raised only a conflict which was for the jury to decide. There was affirmative evidence that defendant was told that the bank could not extend credit; that defendant had been called on a number of occasions subsequent to March 27th and advised there were insufficient funds to pay all the checks presented and told to deposit funds and when funds were not deposited the checks were returned unpaid.

**336**

The weight of this evidence was a matter of argument which cannot now be re-examined.

Order denying new trial affirmed.

JENNINGS and LOCKWOOD, JJ., concur.