409 P.2d 725

The STATE of Arizona, Appellee,

v.

John Wesley SCHROEDER, Appellant.

No. 1499.

Supreme Court of Arizona,
En Banc.

Jan. 12, 1966.

---

Darrell F. Smith, Atty. Gen., by Philip M. Haggerty, Asst. Atty. Gen., for appellee.

Peterson, Estrada, Matz & Machmer, Phoenix, for appellant.

BERNSTEIN, Vice Chief Justice.

This matter comes to us on appeal from an order denying a new trial for newly discovered evidence presented under Rules of Criminal Procedure, Rule 310, 17 A.R.S. On May 11, 1962, Petitioner, John Wesley Schroeder was found guilty, after having been tried in the Superior Court of Maricopa County, and sentenced to death for first degree murder. On February 13, 1964, we affirmed the judgment in State v. Schroeder, 95 Ariz. 255, 389 P.2d 255. We stayed Petitioner's execution set for August 5, 1964, to hear this appeal, the Superior Court having denied Petitioner's motion for a new trial on July 24, 1964.

■ In support of his motion Petitioner contends the following is newly discovered evidence: (1) Witness Isaac Mooney perjured himself in testifying at trial that Petitioner threatened to kill his hostage, because after our affirmance in State v. Schroeder, supra, Mooney informed Petitioner's counsel and so testified at a parole board hearing that he had committed perjury because the police threatened to charge him with being an accessory to murder, and (2) Statements by one, Hill, present at the scene of the crime but not called as a witness by either side that Petitioner never made any threats to his hostage.

In Rosser v. State, 45 Ariz. 264, 42 P. 2d 613, we said:

"Any evidence that was known by the defendant before his trial, or which might have been known by him in the exercise of ordinary care, is not newly discovered. By his own showing defendant knew the named persons were present at the time of the trouble. This was notice to defendant that they probably saw and heard what took place and should be witnesses. * *" 45 Ariz. at 266, 42 P.2d 613.

The record shows that both Mooney and Hill were present at the time of the shooting and that trial counsel knew of this fact. Therefore, this cannot be newly discovered evidence. Rosser v. State, supra.

■ As to Mooney's recanting it is not a legal requirement that a new trial be granted when a witness states he has perjured himself. In State v. Sims, 99 Ariz.

302, 409 P.2d 17 (Dec. 16, 1965), we stated that were it an arbitrary rule that recantation by a witness for the prosecution necessarily entitles a defendant to a new trial, the power would not rest with the court but with the witnesses who testified. We then quoted from People v. Shilitano, 218 N.Y. 161, 112 N.E. 733, L.R.A.1916F, 1044, as follows:

" * * * There is no form of proof so unreliable as recanting testimony. In popular mind it is often regarded as of great importance. Those experienced in the administration of the criminal law know well its untrustworthy character." 218 N.Y. at 170, 112 N.E. at 736.

In Sims we said, "[s]uch recanting affidavits of the sort here involved have often been characterized as newly discovered perjury, not newly discovered evidence." We believe the trial court is in the best position to determine the credibility of recanting evidence and in the absence of an abuse of discretion we will not disturb its ruling. State v. Sims, supra; State v. Goff, 99 Ariz. 79, 407 P. 2d 55 (Oct. 25, 1965).

Finally, Petitioner's counsel states that he is presently conducting an investigation as to whether the victim was shot by Petitioner because there is "considerable doubt that the bullet removed from deceased's body came from the gun" in Petitioner's possession. This is only a speculative theory which does not now constitute evidence.

Affirmed.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD, and McFARLAND, JJ., concurring.