414 P.2d 746

STATE of Arizona ex rel. Robert K. CORBIN, as County Attorney of Maricopa County, Applicant,

v.

SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA, the Honorable Warren L. McCarthy, as a Judge thereof, and John Wesley Schroeder, Respondents.

No. 8763.

Supreme Court of Arizona.

In Banc.

May 19, 1966.

Darrell F. Smith, Atty. Gen., James S. Tegart, Asst. Atty. Gen., Robert K. Corbin, Maricopa County Atty., John A. Golden, Deputy County Atty., Phoenix, for applicant.

Peterson, Estrada, Matz & Machmer, Phoenix, W. Edward Morgan, Tucson, of counsel, for respondent, Schroeder.

STRUCKMEYER, Chief Justice.

On March 22, 1966, the State of Arizona, out of the relationship of Robert K. Corbin, County Attorney of Maricopa County, applied to this Court for a writ to prohibit respondent Superior Court and the Judge thereof, the Honorable Warren L. McCarthy, from continuing to give legal force and effect to an order for stay of execution of one John Wesley Schroeder. On April 5, 1966, after informal hearing, this Court ordered that a peremptory writ of prohibition issue with a decision, in writing, to follow.

From the County Attorney's petition it appeared that Schroeder was convicted in 1962 of the crime of murder in the first degree and was sentenced to the punishment of death. The conviction was appealed and affirmed by decision of this Court in February of 1964. State v. Schroeder, 95 Ariz. 255, 389 P.2d 255. Thereafter, rehearing was denied. Following the affirmation of the conviction, Schroeder caused to be filed a motion for new trial on the 6th day of May, 1964, in the Superior Court of Maricopa County, and on June 16, 1964, the motion was denied. A further appeal was taken to this Court and on January 12, 1966, the order denying the motion for new trial was affirmed. State v. Schroeder, 100 Ariz. 21, 409 P.2d 725. This Court, pursuant to § 13–1720 of the Arizona Revised Statutes, reset the date for the execution of the sentence of death for the 18th day of March, 1966.

On March 15, 1966, petitioner filed certain motions before the Superior Court of Maricopa County and obtained ex parte without notice from Warren L. McCarthy, Judge of the Superior Court, an order staying Schroeder's execution scheduled for March 18, 1966. This application by the County Attorney of Maricopa County followed.

A.R.S. § 13–1720 provides:

"After a certified copy of the minute entry and a copy of the decision of the supreme court in a criminal appeal has been remitted to the trial court from which the appeal was taken, the supreme court shall have no further jurisdiction of the appeal, or of the proceedings thereon. All orders which may be necessary to carry the decision of the supreme court into effect shall be made by the

court to which the copy of the minute entry and decision is remitted, *except* when a judgment or sentence of death has been affirmed on appeal after the time appointed for the execution of the sentence and the supreme court has fixed a new time for execution and issued a warrant to the superintendent of the state prison directing him to execute the sentence at the time designated in the warrant." (Emphasis supplied.)

It is apparent from a casual reading of the statute that it is the responsibility and obligation of the Supreme Court of Arizona to fix the time for execution after an appeal and that there is no other state court except this Court which has the power to stay the time for execution of a death sentence.[1] State ex rel. Galbraith v. Superior Court of Pinal County, 22 Ariz. 452, 197 P. 537. If a stay is to issue, it must be from this Court.

We do not reach the further questions urged by the County Attorney since we consider that the Superior Court of Maricopa County has the right initially to determine its jurisdiction to issue a writ of habeas corpus to the superintendent of the state prison at Florence and its jurisdiction to hear and determine a second motion for new trial or to entertain other proceedings having the same or similar purposes.

The writ heretofore issued prohibiting the Superior Court of Maricopa County and the Honorable Warren L. McCarthy, Judge thereof, from now and henceforth interfering with the warrant of this court fixing the time when the judgment and sentence of death be administered upon John Wesley Schroeder is made permanent.

BERNSTEIN, V. C. J., and UDALL, LOCKWOOD and McFARLAND, JJ., concurring.

1. See A.R.S. § 31–402, the powers of the State Board of Pardons and Paroles.