427 P.2d 530

**STATE of Arizona, Appellee,**
v.
**Joseph Alvin SCHANTZ, Appellant.**
**No. 1701.**

Supreme Court of Arizona.
In Division.
May 11, 1967.
Rehearing Denied June 13, 1967.

Darrell F. Smith, Atty. Gen., Paul G. Rosenblatt, Asst. Atty. Gen., for appellee.

Lewis, Roca, Scoville, Beauchamp & Linton, John J. Flynn, James Moeller, Phoenix, for appellant.

BERNSTEIN, Chief Justice.

Appellant appeals from an order denying him a new trial on grounds of newly discovered evidence.

He was charged with the first degree murder of his wife. Following trial the court granted a directed verdict of not guilty as to first degree murder, and sent the case to the jury on all remaining issues. Appellant appealed to this court his conviction of second degree murder. We affirmed the judgment, 98 Ariz. 200, 403 P. 2d 521 (1965). The United States Supreme Court denied certiorari, Schantz v. Arizona, 382 U.S. 1015, 86 S.Ct. 628, 15 L.Ed. 530 (January 24, 1965).

This appeal is before us from an order denying appellant a new trial requested under the authority of Rule 310, Rules of Criminal Procedure, 17 A.R.S.:

"The court shall grant a new trial if any of the following grounds is established:

* * * 3. That new and material evidence, which if introduced at the trial would probably have changed the verdict or the finding of the court, is discovered which the defendant could not with reasonable diligence have discovered and produced upon the trial."

The express question presented for review is succinctly stated by appellant as follows:

"Where the issues in a murder case include questions of self-defense, provocation by the deceased, and sudden quarrel or heat of passion, and where the one independent witness with cogent material evidence strongly tending to show that these defenses are applicable is unavailable to defendant despite due diligence because the witness is intimidated by threats of death and flees the jurisdiction and remains silent, should the defendant be granted a new trial when he finally succeeds in discovering and producing such evidence?"

The motion for new trial is supported by the affidavits of Mrs. Olive Cooley, once a neighbor of the Schantzes; appellant's attorney and the appellant himself. Mrs. Cooley's affidavit relates that in years past Matilda Schantz had constantly tormented and provoked Mr. Schantz, and that on sev-

eral occasions, in the presence of both affiant and her daughter, she had threatened Mr. Schantz with a butcher knife, that approximately one year before the death of Matilda Schantz, affiant married Mr. Cooley who turned out to be extremely jealous and who constantly accused male acquaintances, including the appellant, of having affairs with his wife; that after their marriage the Cooleys moved to Arkansas, but returned to Phoenix in the spring of 1962 to settle some business affairs; that during the several days they were in a Phoenix motel Mr. Cooley, who was constantly intoxicated, again accused affiant of having had an affair with appellant; that Mr. Cooley then began making a series of calls to Mrs. Schantz, the last of which was about 10:30 or 11:00 on the night of Matilda Schantz' death; that affiant heard Mr. Cooley tell Mrs. Schantz *"that if she didn't get rid of her husband because of his affair with [affiant], he himself would kill him;"* that shortly thereafter matters became so intolerable that Mrs. Cooley left the motel and drove to another motel to spend the night; that after returning to the motel the following morning police came and inquired as to a phone call to the Schantz residence the night before and were advised by the affiant of her husband's call to Mrs. Schantz between 10:30 and 11:00; that police advised affiant Mrs. Schantz had been murdered and that Mr. Schantz was in custody.

The affidavit continues that Mr. Cooley returned to the motel after the police left, still intoxicated, and accused his wife of being involved with the Schantzes in causing her death and insisted they leave town to avoid further involvement. When Mrs. Cooley said she wanted to help Mr. Schantz, Mr. Cooley "threatened my life if I dared go near the police department and insisted that we leave immediately which we did."

The affidavit further shows that Mr. Cooley died in Arkansas in October 1963, that affiant returned to Phoenix in April or May of 1964 and contacted the appellant

who then stood convicted but who was free on bond pending appeal and offered to help him.

The affidavits of appellant and his attorney relate to the question of diligence on their part, a matter which is not now questioned by the state.

The appellant contends that the evidence contained in the affidavit of Mrs. Cooley goes to these important and critical issues: Was the homicide justifiable because committed in self-defense? Who was the original aggressor in the affray? Did Schantz act with or without malice aforethought? Did the killing occur upon a sudden quarrel or heat of passion? He argues that with the Cooley evidence, coming from a separate independent and distinterested witness, and properly presented to the jury, the result could well have been an acquittal or a conviction of the lesser crime of manslaughter. He asserts further that the Cooley evidence, though partly cumulative, proves facts not proved at trial which were important in deciding the ultimate factual issues. We do not agree.

■ This court has held that a new trial for newly discovered evidence is mandatory if its introduction at the trial would probably have changed the verdict and if the defendant could not, with reasonable diligence, have discovered and produced the evidence upon the trial. State v. Daymus, 93 Ariz. 332, 333, 380 P.2d 996; State v. Hill, 88 Ariz. 33, 352 P.2d 699.

■ ■ Motions for new trial, however, are not looked upon with favor and should be granted with great caution, and in the sound discretion of the court. State v. Schroeder, 100 Ariz. 21, 409 P.2d 725; State v. Goff, 99 Ariz. 79, 85, 407 P.2d 55. We agree with the consistent holdings of the federal courts that a motion for new trial on newly discovered evidence must meet the following requirements: (1) It must appear from the motion that the evidence relied on is, in fact, newly discovered, i. e., discovered after the trial; (2) the motion must allege facts from which the court may infer due diligence; (3) the evidence re-

 

lied on must not be merely cumulative or impeaching; (4) must be material to the issues involved; and (5) must be such as, on a new trial, would probably change the verdict. Cf. Pitts v. United States, C.C.A. Alaska, 1959, 263 F.2d 808, certiorari denied, 360 U.S. 919, 79 S.Ct. 1438, 3 L.Ed.2d 1535, rehearing denied 361 U.S. 857, 80 S.Ct. 48, 4 L.Ed.2d 97.

█ We believe the affidavit of Mrs. Cooley does not recite "newly discovered evidence." The evidence contained in the affidavit is merely cumulative and not new. The appellant, during trial, testified as to the phone call, that he knew Mrs. Schantz was talking to Mr. Cooley and that he grabbed the phone and said "Cooley, what do you mean by calling us at this hour of the night? I thought I had this settled the other night we were talking to you." Appellant called as his witness a Phoenix police officer, who testified he had talked with Mr. Cooley and verified from him that Cooley had called the Schantz home; and another police officer on redirect examination verified the precise statement made by appellant. A police sergeant, who discussed the matter in conversations with appellant, entirely corroborated appellant's version of the phone call and events following.

That part of Mrs. Cooley's affidavit dealing with previous threats with a butcher knife is also cumulative. The appellant testified that on at least eight or ten previous occasions Mrs. Schantz had held a knife to him. These threats were corroborated by a Phoenix attorney who testified that Mrs. Schantz had admitted to him she had used a butcher knife to threaten the defendant.

The jury was well informed on both the phone call and the threats. These matters were not in factual issue as the state made no attempt to dispute any of the evidence in regard thereto.

The substance of the affidavit, being merely cumulative, we hold the trial court did not abuse its discretion in denying the motion for a new trial. State v. Villavicencio, 95 Ariz. 199, 388 P.2d 245; Post v.

State, 41 Ariz. 23, 15 P.2d 246; State v. Baker, 100 Ariz. 339, 414 P.2d 153.

Judgment affirmed.

McFARLAND, V. C. J., and UDALL, J., concur.