449 P.2d 289

**The STATE of Arizona, Appellee,**

v.

*Robert Lee SIMS, Appellant.*

No. 1779.

Supreme Court of Arizona.

In Banc.

Jan. 15, 1969.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

W. Edward Morgan and William E. Hildebrandt by William E. Hildebrandt, Tucson, for appellant.

STRUCKMEYER, Justice.

This is an appeal from an order of the Superior Court of Pima County denying a motion for a new trial after a conviction for murder in the first degree and sentence of death thereon.

Robert Lee Sims was convicted of murder of one Glendell M. Soape. From that conviction and an order denying a new trial Sims first appealed to this court in 1965. While the appeal was pending, Sims filed in this court a supplemental motion for a new trial based on newly discovered evidence. We referred this motion to the superior court for a determination as to the facts and law. There the decision was against Sims and we affirmed. State v. Sims, 99 Ariz. 303, 409 P.2d 17.

On that appeal Sims asserted a right to new trial by virtue of certain purportedly newly discovered evidence; including recanted testimony of a co-defendant, and evidence of an alibi known to defendant at the time of original trial. We quoted with approval the following language from People v. Shilitano, 218 N.Y. 161, 112 N.E. 733, L.R.A.1916F, 1044:

> "There is no form of proof so unreliable as recanting testimony. In the popular mind it is often regarded as of great importance. Those experienced in the administration of the criminal law know well its untrustworthy character." 99 Ariz. at 310, 409 P.2d at 22.

We found no abuse of discretion on the part of the trial court for refusing a new trial based on the recanted evidence of one serving a life sentence who had been a participant in the crime. As to the purported alibi we said "* * * recollection after a trial is concluded does not constitute newly discovered evidence because by its general nature it deals with the known while dis-

·covery deals with the unknown." State v. Sims, supra, 99 Ariz. 310, 409 P.2d 22.

Sims now seeks a new trial on the basis of all the matters heretofore considered and adjudicated in the earlier appeal, coupled with further alleged "newly discovered" evidence. This consists of the testimony of one Armentha Doretha Richardson to the effect that she was with Sims on the night and during the hours in question, drinking at a Tucson bar and gambling in a Tucson home.

■ The express question presented by Sims on this appeal is:

" * * * whether a new trial should be granted when one is convicted and given the death penalty for first degree murder on the testimony of an accomplice and a second eyewitness, and the accomplice later changes his testimony to implicate the eyewitness rather than the one convicted, and additional new evidence is discovered which corroborates the convicted person's original defense of alibi."

We feel that our earlier opinion in this case is completely dispositive of the question here presented; both for the reasons that the "new evidence" is not new evidence since it is of a nature that was known to the defendant at the time of the original trial; and for the further reasons hereinafter stated.

In State v. Schantz, 102 Ariz. 212, 427 P.2d 530, we said that a motion for a new trial on the basis of newly discovered evidence must meet the following requirements:

"(1) It must appear from the motion that the evidence relied on is, in fact, newly discovered, i. e., discovered after the trial; (2) the motion must allege facts from which the court may infer due diligence; (3) the evidence relied on must not be merely cumulative or impeaching; (4) must be material to the issues involved; and (5) must be such as, on a new trial, would probably change the verdict. [cases cited]" 102 Ariz. at 214, 427 P.2d at 532.

■ Motions for new trial are granted with great caution and invariably only after an exercise of the sound discretion of the trial court, State v. Schantz, supra; State v. Schroeder, 100 Ariz. 21, 409 P.2d 725; State v. Goff, 99 Ariz. 79, 407 P.2d 55. This is especially true where the basis of the motion is alibi, State v. Sims, supra, and see cases there cited.

■ The trial judge at the original trial and at the hearing on all of Sims' motions for a new trial was the same person. He has heard all the evidence and observed the witnesses. At his trial Sims unequivocally testified that he was home asleep in bed when the crime took place. This was his testimony until the second motion for new trial. Sims then swore that he had been buying pigs at about the time the offense was committed. Now, three years later, he points to the testimony of Armentha Doretha Richardson to the effect that he was drinking and gambling with her on the night in question. Thus, the defendant has advanced three different stories concerning his presence on the evening of the murder.

The trial judge at the conclusion of the last hearing stated:

" * * * Quite frankly I just didn't have any confidence in her testimony, and even if I had believed her testimony, I don't think that I should have granted a new trial because I don't think it would have affected either the result or the punishment, and I didn't even believe her testimony."

Armentha Doretha Richardson testified at the hearing that she was released from the Arizona State Prison in January of 1967, after having completed a sentence for an undisclosed offense; that she served a sentence for narcotics in the State Prison of West Virginia at Wallison; that upon being released from Wallison she was transferred to a workhouse in Cincinnati, Ohio; that thereafter in Waukegan, Illinois, she was arrested in a house of ill

fame. But most significantly she testified on cross-examination:

"Q. * * * So you don't really know of your own knowledge that you were any place with Sims on the day the murder occurred?

"A. To be really truthful about the correct day, no, I would have to say no. * * *"

In the light of this evidence the trial court was amply justified in denying Sims' third motion for new trial.

Judgment affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and McFARLAND and HAYS, JJ., concur.