449 P.2d 607

**STATE of Arizona, Appellee,**

v.

**Jack DAVIS and William H. Sturgeon, Appellants.**

**No. 1788.**

Supreme Court of Arizona.

In Banc.

Jan. 23, 1969.

Rehearing Denied March 4, 1969.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Westover, Keddie & Choules, by Ted B. Bowen, Yuma, for appellants.

LOCKWOOD, Vice Chief Justice:

Defendants Jack Davis and William H. Sturgeon were convicted of robbery in violation of A.R.S. § 13–641 and sentenced to terms of not less than six years nor more than ten years. Defendants appeal from this judgment and conviction.

On the evening of November 8, 1966, defendants, in the company of John Wayne McSparin and Ruth Brees, were watching the election returns in a bar in Somerton, Arizona. Approximately fifteen minutes after the four had entered the tavern, they were joined by Johnson Sandoval, a Navajo carnival worker. Sandoval purchased a pitcher of beer for the group with a ten dollar bill and received $8.75 in change.

After having drunk about half the pitcher, Ruth Brees and Sandoval left the bar and got into a car owned by Sturgeon. Almost immediately the other three men left the tavern and entered the car with Sandoval and the woman. Ruth Brees drove with Sandoval in the front seat between her and McSparin, and the two defendants occupied the rear seat. As the car proceeded out of Somerton toward San Luis, Patrolman Garcia of the Somerton police force, who had been summoned by the tavern waitress, gave chase stopping the car approximately one mile from the bar. At that point Sandoval informed the officer that the men had robbed him while they were all in the car. A subsequent search of McSparin at the Somerton Police Station disclosed that he had $8.75 on his person.

■ After an appeal of the conviction had been lodged, and while McSparin and defendants were in the State Prison at Florence, McSparin admitted that he had committed the robbery and exonerated defendants from any participation in the crime. Counsel for defense filed in this Court a motion to remand the case for a new trial on the basis of newly discovered evidence. We denied this motion, not on the merits but as not properly addressed to this Court. To justify a new trial on the ground of newly discovered evidence, the court must of necessity hold a hearing to determine questions of fact, i. e. (1) that the evidence is in fact newly discovered *after* the trial, (2) the facts alleged in the motion must be such that the court may infer due diligence, (3) the evidence relied on must not be merely cumulative or impeaching, (4) it must be material to the issues involved, and (5) must be such as on a new trial would probably change the verdict. State v. Sims, 104 Ariz. 118, 449 P.2d 289 (Jan. 15, 1969); State v. Schantz, 102 Ariz. 212, 215, 427 P.2d 530 (1967). Holding such a hearing is the proper function of the trial court pursuant to Rules of Criminal Procedure 308 and 310, Vol. 17, A.R.S.

■ During the course of the trial the prosecuting attorney elicited testimony from

McSparin that he was living with Ruth Brees while her husband was in the Marines and stationed in San Diego. Defendants argue that this testimony was prejudicial to McSparin and Brees and, since all four were on trial together, was in turn prejudicial to them. Defendants cite no cases in support of their proposition. Although in some recent cases defendants have been granted new trials where inadmissible confessions have been introduced against co-defendants, we are not prepared to extend this rule to the situation here. Even though the admission of such testimony might have constituted prejudicial error as to McSparin and Ruth Brees, we nevertheless do not believe that this means that Davis and Sturgeon were prejudiced.

 The test for granting a new trial to defendants when prejudicial evidence has been admitted against co-defendants is set forth in the case of United States v. Johnson, 337 F.2d 180, 203 (4th Cir. 1964): "Where the trial judge finds that a defendant has been unduly harmed or his trial made unfair, he should in the interest of justice grant a new trial." Examining the record as a whole we cannot see that the evidence involving the extramarital activities of Ruth Brees and McSparin "unduly harmed" defendants or made their trial unfair. Defendants' theory that the jury's righteous indignation at their co-defendants' actions will be somehow transferred to them is too tenuous.

Defendants finally advance the general contention that the evidence presented against them was insufficient to support the conviction. It is well settled that in reviewing the sufficiency of the evidence this Court must view the evidence in a light most favorable to the state and must resolve all reasonable inferences against the defendant. State v. Blankenship, 99 Ariz. 60, 406 P.2d 729 (1965). Defendants make much of the fact that Officer Garcia who counted the money, and Deputy Sheriff Robert Shroeder, who observed him count it, differed on whether McSparin had fifteen to eighteen cents more than the $8.75 that was alleged to have been stolen from Sandoval. It is for the jury, not a reviewing court, to resolve the conflicts in witnesses' accounts. State v. Berry, 101 Ariz. 310, 419 P.2d 337 (1966). And in State v. Bearden, 99 Ariz. 1, 405 P.2d 885 (1965), passing on the sufficiency of evidence to support a verdict, we held:

"Evidence is not insubstantial simply because the testimony is conflicting or reasonable persons may draw different conclusions therefrom. * * * Substantial evidence means more than a scintilla and is such proof as a reasonable mind would employ to support the conclusion reached. * * * If reasonable men may fairly differ as to whether certain evidence establishes a fact in issue then such evidence must be considered as substantial." 99 Ariz. at 3, 405 P.2d at 886.

The judgment is affirmed.

UDALL, C. J., and STRUCKMEYER, McFARLAND and HAYS, JJ., concur.