450 P.2d 1018

STATE of Arizona, Appellee,

v.

Darwin J. URRY, Appellant.

No. 1853.

Supreme Court of Arizona.

In Banc.

March 6, 1969.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Wilmoth & Goldman, by Robert E. Wilmoth, Phoenix, for appellant.

LOCKWOOD, Vice Chief Justice:

Darwin J. Urry was found guilty of grand theft and sentenced to a term of not less than eight nor more than ten years. The defendant appeals from the denial of his motion for a new trial.

On August 12, 1964, defendant, along with Barbara Marie Perry, was informed against for the crimes of grand theft and first degree burglary. Defendant pleaded not guilty to both counts of the information. At his arraignment on November 16, 1964, defendant changed his plea to guilty on the

grand theft charge, and the burglary charge was dismissed. Subsequently, on December 17, 1964, a judgment of guilty was entered, and the imposition of sentence was suspended for five years with defendant placed on probation. Defendant violated the conditions of his probation, and on May 20, 1966, he was sentenced to not less than eight nor more than ten years in the state prison.

On July 27, 1967, defendant filed with the Superior Court a motion for a new trial on the grounds of newly discovered evidence. Rule 310, Rules of Criminal Procedure, 17 A.R.S. This newly discovered evidence consists primarily of the affidavit of one Loyal Fred Perry, defendant's stepson, who at the time was serving a sentence for the same crime of which defendant was convicted. Perry swears that defendant did not participate in the burglary in question and was "taking the rap" for a third person whom he refused to identify. The motion was denied on August 1, 1967. Defendant contends that the denial of the motion was an abuse of the trial judge's discretion. We do not agree.

■ The criteria for newly discovered evidence were fully set forth in State v. Schantz, 102 Ariz. 212, 427 P.2d 530 (1967),

"* . * * a motion for a new trial on newly discovered evidence must meet the following requirements: (1) It must appear from the motion that the evidence relied on is, in fact, newly discovered, i. e., discovered after the trial; (2) the motion must allege facts from which the court may infer due diligence; (3) the evidence relied on must not be merely cumulative or impeaching; (4) must be material to the issues involved; and (5) must be such as, on a new trial, would probably change the verdict." 102 Ariz. at 214, 427 P.2d at 532.

■ In his brief defendant concedes that he knew at the time he pleaded guilty that Perry had committed these burglaries. He knew that Perry possessed information that would, if believed by the jury, make him a free man. Defendant, therefore, must fail in his attempt to gain a new trial on the basis of newly discovered evidence for the elementary reason that what he offers is not newly discovered, and thus does not fulfill the first requirement of Schantz, *supra.*

■ Faced with an identical problem in the recent case of State v. Baker, 100 Ariz. 339, 414 P.2d 153 (1966), this Court unequivocally stated: "Generally, a new trial will not be granted to permit the introduction of testimony of a witness whose identity was known by the moving party at the time of the original trial." 100 Ariz. at 343, 414 P.2d at 155. See also State v. Maloney, 101 Ariz. 111, 115, 416 P.2d 544, 548 (1966) and Rosser v. State of Arizona, 45 Ariz. 264, 266, 42 P.2d 613 (1935).

■■ Defendant also puts forward the rather novel contention that in denying this motion the trial judge erred in that he "attempted to invade the province of the jury by discounting the newly discovered evidence apparently on the lack of credibility" of Perry's affidavit. It is settled law in this state that the trial judge has a wide ranging discretion in the matter of granting new trials on the basis of newly discovered evidence. State v. Blankenship, 99 Ariz. 60, 406 P.2d 729 (1965). In that case we laid to rest defendant's contention that in judging the credibility of prospective witnesses the court is usurping a function of the jury:

"* * * 'the new evidence must be such as would have probably resulted in the acquittal of the accused had it been produced at the trial, and it is therefore necessary that it shall appear to the court hearing the motion that it is probably true. *The witness who is expected to testify must appear to the court to be credible. His credibility is to be determined by the judge hearing the motion.'*" (Emphasis added.) 99 Ariz. at 65, 406 P.2d at 732.

■ In presenting this appeal defendant has recounted certain alleged conduct on the part of law enforcement officers before his trial, which he claims constituted such coercion and harassment that it resulted in a confession to the burglary and his guilty plea. Upon examination of the record in the superior court we find defendant presented the same allegations to that court on an application for a writ of habeas corpus which was denied on January 5, 1967, and from which no appeal was taken. Those matters having been adjudicated, we will not consider them in this appeal.

Judgment affirmed.

UDALL, C. J., and STRUCKMEYER and McFARLAND, JJ., concur.

NOTE: Justice JACK D. H. HAYS, having disqualified himself, did not participate in the determination of this appeal.