452 P.2d 512

**STATE of Arizona, Appellee,**

v.

**Gary THOMAS, Appellant.**

No. 1931.

Supreme Court of Arizona.

In Banc.

April 4, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Darrell F. Smith, Former Atty. Gen., Phoenix, for appellee.

Robert A. Wertsching, Phoenix, for appellant.

STRUCKMEYER, Justice.

Appellant, Gary Thomas, was tried and convicted of kidnapping with intent to commit rape, in violation of A.R.S. § 13–

492. From the judgment and sentence he appeals.

Thomas urges that the trial court erred in denying his motion to appoint a psychiatrist to examine the complaining witness. Aside from the fact of which we express doubt that the court could compel a witness to submit to a psychiatric examination, we have recently been twice called upon to decide whether indigent defendants should be afforded expert testimony at State expense. In both cases, State v. Chambers, 104 Ariz. 247, 451 P.2d 27, 1860 (March, 1969) and State v. Bowen, 104 Ariz. 138, 449 P.2d 603, we held that the Court, in the absence of enabling legislation cannot furnish experts to assist in the presentation of a defendant's case. In State v. Chambers, supra, we said:

> "*This Court has never held that an indigent is entitled to experts at State expense, and no Arizona authority is cited to this effect.* In State v. Crose, 88 Ariz. 389, 357 P.2d 136 (1960), it was held that an indigent defendant who had entered a plea of not guilty by reason of insanity was not entitled to have medical experts appointed at State expense to assist him in his defense. * * * *Until the power of the courts to order payment of defense experts is authorized by appropriate legislation, we cannot judicially legislate to enlarge the scope of the term 'counsel' to* encompass expert testimony.' (Emphasis added)."

Thomas also urges that the trial court erred when it refused to appoint an investigator to assist in the defense. The appointment of private investigators to assist a defendant or his counsel is in the same category as expert witnesses. For the same reasons expressed in State v. Chambers, supra, we are compelled to reject defendant's position.

Judgment affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and McFARLAND, J., concur.

NOTE: Justice JACK D. H. HAYS, having disqualified himself, did not participate in the determination of this appeal.