455 P.2d 446

**STATE of Arizona, Appellee,**

v.

**Gordon REAMS, Appellant.**

**No. 1874.**

Supreme Court of Arizona.

In Banc.

June 11, 1969.

Gary K. Nelson, Atty. Gen, Darrell F. Smith, Former Atty. Gen, by Carl Waag, Asst. Atty. Gen., Moise Berger, Maricopa County Atty., Robert Corbin, Former County Atty., for appellee.

Robert Wertsching, Phoenix, for appellant.

McGHEE, Superior Court Judge.

This appeal is from a conviction of the crime of kidnapping with an intent to commit rape. Appellant bases his appeal upon three grounds: (1) That the trial court denied his petition to appoint a psychiatrist to examine the complaining witness; (2) That the trial court denied his motion to appoint an investigator to aid court-appointed counsel after the Public Defender had asked to be relieved after representing a co-defendant in a juvenile proceeding, and, (3) That the trial court's refusal to exclude defendant's oral statement deprived him of due process of law.

The testimony of the complaining witness was that she was forced into an automobile in Phoenix, Arizona, and was driven to the Gila Indian Reservation where she was assaulted, raped, and otherwise severely abused. She later identified the appellants,

Gordon Reams, Nelson Lewis, a juvenile, and Gary Thomas, Indians, as the persons present at the scene of the rape.

The appeal of the defendant, Gary Thomas, was decided by this court on April 4, 1969, in State v. Thomas, 104 Ariz. 338, 452 P.2d 512.

The cases of defendants Reams and Thomas were handled by the Maricopa County Defender from the preliminary hearing until August 9, 1967, at which time the trial court granted the motion of the Public Defender to withdraw on the ground that he had represented Nelson Terry Lewis in a juvenile proceeding and that a conflict of interest had arisen. The Public Defender had on August 1, 1967, moved for a continuance of the cases of Reams and Thomas because of a need to investigate. On August 21 and 22, 1967, respectively, defendants filed motions to appoint an investigator, and to appoint a psychiatrist. These motions were denied on September 9, 1967, and the trial began on October 2, 1967.

■ The right for the appointment of a psychiatrist to examine the complaining witness is rejected and amply covered in the case of a co-defendant, State v. Thomas, supra.

■ Defendant argues that he was denied equal protection of the law for the reason that an indigent having appointive private counsel has the right to a pretrial investigator to replace the services of the Public Defender's investigatory staff. In State v. Thomas, supra, we held that in the absence of enabling legislation the court cannot furnish private investigators to assist a defendant or his counsel and this court cannot so judicially legislate. We also said in State v. Crose, 88 Ariz. 389, 392, 357 P.2d 136, 137:

"We know of nothing, however, either by constitution or by statute, requiring the state at its own expense to make available to the defendant, in addition to counsel, the full paraphernalia of defense."

It may be argued that there is an advantage in having the Public Defender as a legal representative. Nevertheless, other attorneys representing indigents are not entitled as a matter of right to have paid professional investigators at their beck and call.

■ Defendant's last claim of error concerns his contention that his written statement should have been suppressed upon the authority of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974. However, upon review of the evidence we find that there was evidence from which trial court could and did find that the statement of Reams was voluntarily and intelligently made, and that he waived his constitutional rights with full understanding, without coercion, promises or threats.

Judgment affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and McFARLAND, JJ., concur.

NOTE: Justice HAYS being disqualified, Judge ROBERT E. McGHEE, Gila County Superior Court, was called to sit in his stead and participate in the determination of this case.