466 P.2d 760

**STATE of Arizona, Appellee,**
**v.**
**Eugene MASON, Appellant.**
**No. 1939.**

Supreme Court of Arizona,
In Banc.

March 26, 1970.

Rehearing Denied April 14, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Fred R. Esser, Robert C. Whitten, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

This appeal is from a conviction of first degree murder with life imprisonment. Eugene Mason, defendant, contends that the Superior Court erred in (1) failing to give an accomplice instruction and an instruction as to the need of corroboration of an accomplice's testimony, (2) failing to grant a Motion for New Trial based on newly discovered evidence, (3) not ordering sufficient funds for an investigator or appointing an investigator and (4) allowing a blood stained towel, which was irrelevant, to be marked for identification in front of the jury and thereby inflaming the passions of the jury.

Defendant argues that Sanchez was an accomplice and, therefore, the jury should have been instructed as to the necessity of corroboration of his testimony required by A.R.S. § 13–136. The facts necessary to decide defendant's contention are as follows: Defendant and one Anthony Sanchez, who lived together, were arrested and charged with first degree murder. Sanchez claimed that he saw defendant commit the murder. Defendant claimed that it was Sanchez who committed the murder. Both denied on the witness stand that they had anything to do with the killing, nor is there evidence of any common plan or scheme between them to commit the murder. The charge against San-

chez was dismissed before trial and he testified for the State.

On numerous occasions we have stated that the test of an accomplice is whether the witness could be informed against for the same crime for which the defendant stands accused. See State v. Owens, 103 Ariz. 541, 447 P.2d 233 (1968); State v. Rivera, 103 Ariz. 458, 445 P.2d 434 (1968), cert. den. 395 U.S. 929, 89 S.Ct. 1790, 23 L.Ed.2d 248; State v. Phillips, 102 Ariz. 377, 430 P.2d 139 (1967); State v. Ballesteros, 100 Ariz. 262, 413 P.2d 739 (1966); State v. Sims, 99 Ariz. 302, 409 P.2d 17 (1965), cert. den. 384 U.S. 980, 86 S.Ct. 1880, 16 L.Ed.2d 691.

In a similar case we referred to the test and added:

"Defendant takes as literal the language of this test, pointing out that [the witness] had been jointly informed against with Owens. We do not think that the statement of the rule is to be construed as meaning that the witness was in fact informed against as an accomplice, but whether the witness could properly be informed against for the same crime which defendant was accused. A person might be informed against for a crime which, for numerous reasons might be a charge improperly brought. Here, since in Arizona by A.R.S. § 13–139 accomplices are punishable as principals, the trial judge in directing a verdict of acquittal could only have found as a matter of law that [the witness] was improperly informed against." State v. Owens, 103 Ariz. 541, 544, 447 P.2d 233, 236 (1968).

That a witness has been informed against for the same crime raises no presumption that he was an accomplice of the person being tried.

Here, both defendant and Sanchez testified to facts from which it could be inferred that the other was the sole perpetrator of the crime. The reasonable conclusion is that after a complete investigation the prosecution concluded that San-

chez was not a party to the offense and hence the prosecution proceeded against defendant alone. It was a case of simple alternatives; either Sanchez did it or defendant did it. The court did not err in refusing to instruct the jury that an accomplice's testimony needs to be corroborated since under the evidence neither could be the accomplice of the other.

Defendant's second contention is that the trial court erred in failing to grant his motion for new trial based on newly discovered evidence pursuant to Rule 310 (3) of the Rules of Criminal Procedure, 17 A.R.S. The asserted new evidence is the testimony of one Lee Collins, an inmate of Arizona's State Prison in Florence, that Sanchez, while in custody in the Maricopa County Jail, had admitted to him that he had assaulted the victim and he was thinking of putting the "whole blame" on the defendant. Collins testified on the motion for new trial that the reason he had not come forward earlier was that he did not think that Sanchez could "pull it off."

Rule 310 of Arizona Rules of Criminal Procedure, 17 A.R.S., provides in part:

"Rule 310. Mandatory Grounds for New Trial

The court shall grant a new trial if any of the following grounds is established:

\*    \*    \*    \*    \*    \*

3. That new and material evidence, which if introduced at the trial would probably have changed the verdict or the finding of the court, is discovered which the defendant could not with reasonable diligence have discovered and produced upon the trial."

■ Motions for new trial are not looked upon with favor and only to be granted with great caution, and in the sound discretion of the court. State v. Schantz, 102 Ariz. 212, 427 P.2d 530 (1967); State v. Sowards, 99 Ariz. 22, 406 P.2d 202 (1965); State v. Turner, 92 Ariz. 214, 375 P.2d 567 (1962). Denial of a Motion for New Trial will not be grounds for reversal unless it affirmatively appears that the court abused its discretion, and acted arbitrarily. State v. Turner, 104 Ariz. 469, 455 P.2d 433 (1969); State v. Blankenship, 99 Ariz. 60, 406 P.2d 729 (1965). See also, State v. Turner, 92 Ariz. 214, 375 P.2d 567 (1962).

■ In this case there is no reason to believe that the trial court abused its discretion. Collins did not like Sanchez, he was prejudiced against him "because he was a homosexual." Collins had been convicted of three different crimes, all of which, according to his testimony he was innocent. He was not a very credible witness. As we stated, in State v. Turner, 104 Ariz. 469, at 471, 472, 455 P.2d 443, at 445 (1969):

" 'The new evidence must be such as would have probably resulted in the acquittal of the accused had it been produced at the trial, and it is therefore necessary that it shall appear to the court hearing the motion that it is probably true. The witness who is expected to testify must appear to the court to be credible. His credibility is to be determined by the judge hearing the motion. \* \* \* The refusal of a new trial for newly-discovered evidence on an affidavit incredible in view of the claim made and evidence at the trial is not error.'

\*    \*    \*    \*    \*    \*

The trial judge was in a much better position than we are to determine the weight to be given the affidavits and whether or not the testimony set forth in them would probably change the result in case of a new trial."

The trial judge undoubtably felt that Collins' testimony would not likely influence a jury on a retrial. The court below did not abuse its discretion in denying defendant's motion.

■ Further facts point up the defendant's next contention. As stated initially, defendant and Sanchez were both arrested

and jointly charged with murder. Since defendant and Sanchez were indigents and because of a possible conflict in the Public Defender's Office, private counsel was appointed for defendant. He urges that since the Public Defender's Office has investigators paid by public funds, he was denied equal protection of the laws because his appointed counsel had no investigator available to him. This argument was specifically answered in State v. Reams, 104 Ariz. 472, at 473, 455 P.2d 446, at 447 (1969), we stated:

> "Defendant argues that he was denied equal protection of the law for the reason that an indigent having appointive private counsel has the right to a pretrial investigator to replace the services of the Public Defender's investigatory staff. In State v. Thomas, supra, we held that in the absence of enabling legislation the court cannot furnish private investigators to assist a defendant or his counsel and this court cannot so judicially legislate. We also said in State v. Crose, 88 Ariz. 389, 392, 357 P.2d 136, 137:
>
> 'We know of nothing, however, either by constitution or by statute, requiring the state at its own expense to make available to the defendant, in addition to counsel, the full paraphernalia of defense.'
>
> It may be argued that there is an advantage in having the Public Defender as a legal representative. Nevertheless, other attorneys representing indigents are not entitled as a matter of right to have paid professional investigators at their beck and call."

█ Defendant's last contention of error is that a towel with dried blood stains which had apparently been used to cleanse the victim was offered for identification, and that this tended to inflame the passion of the jury. While it is difficult to now reconstruct the atmosphere in which this case was tried, the defendant apparently did not then feel that the towel was inflammatorily prejudicial. He made no ob-

jection at the time the towel was identified or at any later time in the court below.

Judgment affirmed.

LOCKWOOD, C. J., and UDALL, McFARLAND and HAYS, JJ., concur.