499 P.2d 169

The STATE of Arizona, Appellee,

v.

Calvin Ray ANDERSON, Appellant.

No. 2 CA–CR 287.

Court of Appeals of Arizona,

Division 2.

June 27, 1972.

Gary K. Nelson, Atty. Gen., Phoenix, by Howard L. Fell, Asst. Atty. Gen., Robert R. Bean, Pinal County Atty., Tucson, for appellee.

Stanfield, McCarville, Coxon & Ishmael, by Samuel T. Ishmael, Casa Grande, for appellant.

KRUCKER, Chief Judge.

Appellant, defendant below, Calvin Ray Anderson, and one Robert Earl Black, were charged with aggravated assault and murder. A jury trial was held in Pinal County in July, 1971, defendants each being represented by separate counsel. Both defendants were convicted of aggravated assault. However, the jury was unable to agree on the murder charge and a mistrial was declared as to that charge.

The facts and circumstances are briefly as follows. The defendants had separate counsel during the trial, who conferred together on the presentation of evidence. Both defendants, who shared the same cell for a substantial period of time before the trial, declined to take the stand at the trial. After the conviction on aggravated assault and the mistrial on the murder charge, both Anderson and Black, pursuant to a plea bargain, entered pleas of guilty to a charge of voluntary manslaughter. After imposition of sentence on each of these charges, defendant Anderson was advised by defendant Black that if he (Black) had been allowed to take the stand he would have testified that Anderson had taken no part in the alleged crimes and he alone had committed the homicide. Thereafter, Anderson relayed this information to the court in the form of an affidavit for support of his motion for a new trial and a motion for leave to withdraw his guilty plea. From denial of these motions, Anderson appeals.

The sole question presented is whether Anderson's affidavit setting forth Black's declarations is newly discovered evidence under the provisions of Rule 310, Rules of Criminal Procedure, 17 A.R.S., entitling defendant to a new trial.[1]

Initially, we note that the motion for new trial is addressed to the discretion of the trial court and unless an abuse of discretion is affirmatively shown, its determination will not be disturbed on appeal. State v. Scanlon, 108 Ariz. 399, 499 P.2d 155 (filed July 13, 1972); State v. Mason, 105 Ariz. 466, 466 P.2d 760 (1970). In order to grant such a motion it must appear that the evidence relied on is, in fact, newly discovered, i. e., discovered *after* the trial. State v. Schantz, 102 Ariz. 212, 427 P.2d 530 (1967).

Appellant does not claim that he did not know prior to his guilty plea that Black was solely responsible for the homicide. The fact that Black did not testify during the trial upon the advice of counsel is really immaterial in reference to the guilty plea which took place after the trial. He knew that Black possessed information that would, if believed by a jury, acquit him. What appellant offers is not newly discovered evidence. A new trial will not be granted to permit the introduction of the testimony of a witness whose identity was known by the moving party at the time of the original trial. State v. Urry, 104 Ariz. 244, 450 P.2d 1018 (1969). To sustain appellant's contention would place in the power of two or more participants in crime the chance to exonerate some of their number by others "taking the rap." Cochrane v. State, 48 Ariz. 124, 59 P.2d 658

---

1. Both parties refer to an affidavit made by defendant Black. In searching the record, the only affidavit we are able to find is one made by Anderson stating what Black told him. This is *not* an affidavit made by Black. While there is an affidavit made by Black, it is not made a part of the record. We do not think this alone, however, would affect the outcome of our decision in this case. Therefore we will treat the affidavit as made by Black for purposes of this appeal.

557

(1936).  The trial court did not abuse its discretion by failing to participate in the game.

Affirmed.

HATHAWAY, and HOWARD, JJ., concur.