NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

KELLY TERRELL LIPSEY, *Petitioner*.

No. 1 CA-CR 21-0399 PRPC
FILED 2-10-2022

Appeal from the Superior Court in Maricopa County
No. CR2007-006214-002
The Honorable Howard D. Sukenic, Judge
The Honorable Warren J. Granville, Judge (retired)

**REVIEW GRANTED/RELIEF DENIED**

COUNSEL

Law Offices of Michael J. Bresnehan, P.C., Tempe
By Michael J. Bresnehan
*Counsel for Petitioner*

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Vice Chief Judge David B. Gass and Judge Angela K. Paton joined.

---

**M c M U R D I E**, Judge:

**¶1**　　　　Kelly Terrell Lipsey petitions this court to vacate the superior court's denial of his request for post-conviction relief ("PCR") and to remand with instructions to allow him to petition under Arizona Rule of Criminal Procedure 33.7. We grant review but deny relief.

## FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**　　　　In May 2008, Lipsey pled guilty to these felonies: transporting persons for purposes of prostitution (Class 5), sexual assault (Class 2), attempted sex trafficking of persons (Class 3), and two counts of sex trafficking of persons (Class 2). According to plea-agreement terms, the superior court had discretion at sentencing only for the attempted-sex-trafficking count, and the range for that count was between 6.5- and 10-years' imprisonment. The court followed the plea-agreement terms and sentenced Lipsey to 25 years, imposing 6.5 years on the attempted-sex-trafficking count.

**¶3**　　　　Lipsey filed a timely notice of PCR, and the court appointed counsel to represent him. Lipsey's counsel found no colorable claims for relief, so Lipsey filed a *pro se* PCR petition. In it, he challenged the validity of a prior felony conviction that enhanced his sentences. The court concluded the plea agreement's reliance on the prior felony conviction was lawful and summarily dismissed the petition under Rule 32.6(c).

**¶4**　　　　In 2021, Lipsey obtained counsel and again sought PCR. This time, he asserted he suffered from several medical conditions at sentencing, including chronic obstructive pulmonary disorder, emphysema, asthma, seizure disorder, and hypertension. He argued the sentencing court would have imposed a shorter prison sentence had it been aware of his conditions.

---

[1]　　　We view the facts in the light most favorable to upholding the judgment. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

Lipsey acknowledged receiving a stipulated prison sentence on all charges except for attempted sex trafficking. He also acknowledged receiving the lowest sentence available under the plea agreement for attempted sex trafficking. But Lipsey argued the court would have rejected the plea or imposed a shorter term if it had been aware of his medical conditions.

¶5        But because Lipsey took nearly twelve years after sentencing to inform the court of his conditions, the court found he failed to act with reasonable diligence in identifying newly discovered facts as required by Rule 33.1(e). Thus, the court dismissed his petition.

¶6        Lipsey petitioned this court for review. We have jurisdiction under A.R.S. § 13-4239(C) and Arizona Rule of Criminal Procedure 32.16(a)(1).

## DISCUSSION

¶7        We will not disturb the superior court's ruling on a PCR petition absent an abuse of discretion or error of law. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012); *State v. Macias*, 249 Ariz. 335, 340, ¶ 16 (App. 2020). We review the court's legal conclusions *de novo*. *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017). A defendant must strictly comply with the rules to be eligible for PCR. *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11 (2005); *State v. Carriger,* 143 Ariz. 142, 146 (1984) ("Petitioners must strictly comply with Rule 32 or be denied relief.").

¶8        We examine the same arguments raised in the superior court. *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980) (court of appeals reviews only issues raised in superior court). Rule 33.1(e) authorizes a petitioner to seek PCR where newly discovered material facts probably exist that probably would have changed the sentence.

Newly discovered material facts exist if:

(1) the facts were discovered after the trial or sentencing;

(2) the defendant exercised due diligence in discovering these facts; and

(3) the newly discovered facts are material and not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony that was of such critical significance that the impeachment

evidence probably would have changed the judgment or sentence.

Ariz. R. Crim. P. 33.1(e). Evidence is not newly discovered unless it was unknown to the superior court, the defendant, or counsel at the time of trial, and neither the defendant nor counsel could have known about its existence by the exercise of due diligence. *State v. Saenz*, 197 Ariz. 487, 490, ¶ 13 (App. 2000). Requests for relief based on newly discovered evidence are disfavored, and we grant them cautiously. *State v. Schantz,* 102 Ariz. 212, 214 (1967).

¶9        A court may summarily dismiss a successive or untimely Rule 33.1(e) claim unless the petitioner "explain[s] the reasons for not raising the claim in a previous notice or petition, or for not raising the claim in a timely manner." Ariz. R. Crim. P. 33.2(b)(1). The superior court has discretion in deciding whether a colorable claim is presented, but this discretion has outer limits. *State v. Bilke*, 162 Ariz. 51, 53 (1989).

¶10        As the superior court noted, Lipsey did not petition until nearly twelve years after his sentence. Most notably, except for a vague reference to the Department of Correction's "medical bureaucracy," Lipsey does not explain the gap between the onset of his symptoms, which he experienced before sentencing, and his May 2019 diagnosis, nearly nine years after sentencing. And even if we were to accept this explanation, we are given no reason for Lipsey's failure to identify his illnesses before he was sentenced. We, therefore, agree with the superior court's finding that Lipsey failed to show due diligence in having his illnesses diagnosed and find no error. *See State v. King,* 250 Ariz. 433, 439 ¶¶ 28–29 (App. 2021); *Williams v. Stewart*, 441 F.3d 1030, 1061 (9th Cir. 2006).

¶11        We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA