534 P.2d 281

**STATE of Arizona, Appellee,**

v.

**Oyt JACKSON, Appellant.**

**No. I CA–CR 825.**

Court of Appeals of Arizona,
Division 1,
Department B.

April 24, 1975.

Bruce E. Babbitt, Atty. Gen. by Grove M. Callison, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

OPINION

HAIRE, Chief Judge, Division 1.

This is an appeal from the defendant's conviction entered August 29, 1974, on a jury verdict of first degree burglary. The sole issue on appeal is whether the trial court's failure to grant the defendant's motion for a continuance denied the defendant effective assistance of counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution.

The facts pertinent to this issue show that when the defendant was arraigned on April 19, 1974, the Maricopa County Public Defender's Office was appointed to represent him. He was released on his own recognizance and after the arraignment the case was assigned to one Deputy Public Defender who continued to represent the defendant until the date of trial, July 17, 1974. This attorney had approximately three months in which to prepare for trial and on May 23, 1974, filed a "notices of defenses" indicating that he would present the defense of mistaken identification. It was indicated that in addition to the defendant, the defense would possibly call as a witness a Mr. Jake Jackson.

On the day of trial the Deputy Public Defender was in trial at another court. As a result, another Deputy Public Defender appeared on his behalf and filed a motion for continuance pursuant to Rule 8.5, Rules of Criminal Procedure, 17 A.R.S., alleging that the attorney assigned to the case was in trial at another court and would not be available until the next day, July 18, 1974. The motion was argued to the court and the Public Defender stated

that there was a serious question concerning effective assistance of counsel in that he had not had an opportunity to read the preliminary hearing transcript, the police report or the grand jury report and had just talked to the defendant in the hall that morning. The court denied the motion to continue, apparently on the grounds that the motion did not present exigent circumstances within Rule 8.5 and that the matter would thus proceed to trial. We quote the court:

> "The court also notes that it is the practice in the Superior Court in Maricopa County to appoint the public defender's office to represent a defendant and not any particular attorney from that office.

> It is this court's understanding that, after the public defender has been appointed, then an assistant public defender or a deputy public defender is assigned the matter. Because of the time problems that are involved under the new rules of criminal procedure, because there does not appear to be contained within rule 8.4 a provision that would allow an excluded period, because of the total circumstances surrounding the new criminal rules and the procedures this court is aware of in the county attorney's office and in the public defender's office, the court does not feel the motion comes within the provisions of rule 8.5."

The court's reference to the necessity of an excluded period under 8.4 was due to a misunderstanding as to when the matter was to proceed to trial. It appears that the trial court believed that July 17, 1974 was the last day for trial. Under Rule 8.2, the last date for trial without an excluded period would have been July 18, 1974, 90 days after the April 19, 1974 arraignment.

After a voluntariness hearing as to certain statements made by the defendant to a police officer and a ruling adverse to the defendant, the case proceeded to trial and was concluded that same day, with the jury's verdict of guilt.

The State argues that there was no prejudice shown by having another member of the public defender's office represent the defendant on such short notice and makes extensive citations to the record wherein the substitute public defender conducted extensive cross-examination of the State's witnesses and made legal arguments on behalf of the defendant.

■ While we agree with the State that late assignment of counsel in itself is not per se ground for reversal, Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L. Ed.2d 419 (1970); State v. McWilliams, 103 Ariz. 500, 446 P.2d 229 (1968); Nettleton v. State, 320 A.2d 743 (Del.Supr. 1974), we cannot agree with the State's *ad hoc* approach to effective assistance of counsel wherein it asserts that unless a review of the record shows that the representation was a "farce or mockery" no prejudice has been shown.

The right to adequate and effective assistance of counsel, including a reasonable time for counsel to prepare, is firmly established by Arizona's Rules of Criminal Procedure and case law. See Rule 6.1, Rules of Criminal Procedure, 17 A.R.S., and State v. McWilliams, *supra*. In Chambers, where a legal aid attorney appeared on behalf of the defendant only a few minutes prior to trial, the United States Supreme Court rejected the per se ineffectiveness of counsel argument, but only on the very narrow ground that the Court of Appeals' examination of the state court record evidenced ample grounds for holding that there had been no prejudice to the defendant. The Third Circuit opinion, Chambers v. Maroney, 408 F.2d 1186 (3d Cir. 1969), held that the belated appointment of counsel is inherently prejudicial and makes out a *prima facie* case of denial of effective assistance of counsel with the burden of proving absence of prejudice shifting to the prosecutor unless the record shows harmless error, i. e., that it was harmless beyond a reasonable doubt.

■ Under the particular facts of this case we cannot say that there was harmless error in failing to grant the defendant's request for continuance. There are

material differences in the testimony in the State's witnesses at trial and at the preliminary hearing. Without having the benefit of reviewing the preliminary hearing transcript, counsel for defendant was unable to present possible impeachment evidence. We believe that this is rudimentary to effective legal assistance and defendant was prejudiced thereby.

For the reasons stated, this case is reversed and remanded for a new trial.

JACOBSON, P. J., Department B, and EUBANK, J., concur.