631 P.2d 519

**STATE of Arizona, Appellee,**

v.

**David Dias SALINAS, Appellant.**

No. 5295–PR.

Supreme Court of Arizona,
En Banc.

June 30, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Martin & Feldhacker by Gregory H. Martin, Phoenix, for appellant.

HAYS, Justice.

The appellant, David Dias Salinas (hereinafter defendant), was found guilty after a jury trial of first degree rape and sentenced to ten to eleven years imprisonment in the Arizona State Prison. In a memorandum decision, the Court of Appeals reversed the trial court and remanded for a new trial. We granted the state's petition for review pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 31.19. The opinion of the Court of Appeals is vacated and the judgment of conviction and sentence of the Superior Court are affirmed.

Defendant raises two questions on appeal:

1. Was defendant deprived of effective assistance of counsel when the trial court denied his motion for continuance?

2. Did the trial court err in denying defendant's motion to vacate judgment based upon newly discovered evidence?

The facts necessary for resolution of these issues are as follows. Defendant's trial on a charge of first degree rape was twice postponed. On December 4, 1978, a pretrial hearing was held on the admissibility of evidence for trial per *State ex rel. Pope v. Superior Court*, 113 Ariz. 22, 545 P.2d 946 (1976). At this time, defendant's public defender, Joel Thompson, was prepared to go to trial on December 6, 1978, the last day under the rules,* but advised the trial court of a schedule conflict on that date. After the matter was discussed and the trial court expressed its disapproval of granting a continuance, Mr. Thompson agreed to seek another attorney in the public defender's office to handle the case. On the following day, Joseph Howe, also of the public defender's office, was substituted as defense counsel. Thompson advised Howe

---

* *See* 17 A.R.S., Rules of Criminal Procedure, rule 8.

that he believed the trial would be a "walk-through," indicating that he believed there was no defense. Howe received the case file at 5:00 p. m., and after reviewing it from four to six hours that evening, concluded there was a strong defense of consent. The morning of the trial, Howe immediately moved for a continuance which was denied. The trial court did agree, however, to recess early by limiting the proceedings to the selection of the jury in order to allow counsel to interview witnesses and further prepare. Afterwards, an investigator drove Howe and defendant to the rape scene at which time Howe discussed the case with defendant. Howe also interviewed the examining physician twice over the telephone and spoke to the victim before trial.

Although defendant generally contends that defense counsel did not have adequate time to prepare for trial, the crux of defendant's argument is that counsel failed to conduct an adequate investigation by failing to seek out two eyewitnesses who purportedly would corroborate defendant's defense of consent. Defendant also asserts that counsel's lack of familiarity with defendant's limited intelligence was a crucial factor in counsel's failure to seek out the two witnesses.

■ In making a determination whether a conviction will be held invalid on the basis of ineffective assistance of counsel, the rule in Arizona has been that relief will be granted only if counsel was so inept that the proceedings were reduced to a mere farce, a sham or mockery of justice. *State v. Dippre,* 121 Ariz. 596, 592 P.2d 1252 (1979); *State v. Pacheco,* 121 Ariz. 88, 588 P.2d 830 (1978). This court has repeatedly been urged to repudiate this standard in favor of a less stringent, more objective measure which centers on examining whether the representation was "reasonably competent and effective," *Cooper v. Fitzharris,* 586 F.2d 1325, 1328 (9th Cir. 1978), *cert. denied,* 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979), or whether counsel afforded defendant "reasonably effective representation, within the range of professional conduct customarily expected of an attorney in a criminal case." *State v. Williams,* 122 Ariz. 146, 155, 593 P.2d 896, 905 (1979) (Gordon, J., specially concurring). As noted in *Williams,* however, "[a] review of our decisions shows for the most part that we have examined counsel's representation for competence when employing the farce or mockery of justice standard." *Id.* at 151, 593 P.2d at 901. Although we do not purport to abandon the prevailing rule at this time, we conclude that even under the suggested standards, defendant was not denied effective assistance of counsel.

■ An examination of the trial proceedings gives no indication that defense counsel was unprepared or unfamiliar with the exhibits, rape scene or the testimony offered by the state's witnesses. At one point during the trial, defense counsel objected to testimony given by a witness concerning screaming heard on the night of the incident, as well as a written statement of that witness which was not turned over to defense prior to trial. As a result, the trial court instructed the jury to disregard all the testimony given by the witness concerning the scream, the time period and all the testimony she gave concerning any issues in the case. Also, the trial judge instructed the jury that the testimony given by a police officer on recall was to be disregarded in its entirety. Defense counsel's alertness in objecting to this testimony, as well as his handling of the defense at trial, can only be characterized as competent and vigorous. Howe made an offer of proof in an attempt to impeach the victim with prior unchaste acts by questioning the examining physician; however, the trial court ruled that the proffered testimony would be inadmissible under *Pope v. Superior Court, supra.* Howe also conducted thorough cross-examination of the state's witnesses including attempts to impeach the victim with prior inconsistent statements made to police officers. This shows that counsel was quite familiar with the police reports concerning the incident.

■ Similarly, there is no merit in the argument that the failure to call Solis and

Campos as witnesses was an omission which denied appellant effective representation. Mr. Thompson, defendant's original attorney, was aware that Solis was a potential witness because Solis' name appeared on a police report and on a witness list provided to the prosecution by the public defender. Solis was interviewed by a police aide shortly after the rape and at that time denied any knowledge of the incident. Thus, although defense counsel was aware of the possibility that Solis was a potential witness, in light of Solis' original statement to the police, it was reasonable for counsel to conclude that he did not have enough information to send out an investigator or attempt to have Solis subpoenaed. The record also reveals that defense counsel discussed with defendant the need for this information in the months prior to trial, and in response, defendant related that his cousin and another individual were possible witnesses but had left for an unknown area in California.

Based upon the foregoing, we cannot say that the representation afforded by counsel was incompetent or reduced the proceedings to a farce, sham or mockery of justice. In reversing defendant's conviction, however, the Court of Appeals rejected application of the farce or mockery standard and instead relied upon its holding in *State v. Jackson*, 23 Ariz.App. 473, 534 P.2d 281 (1975). *Jackson* held that late appointment of counsel "is inherently prejudicial and makes out a prima facie case of denial of effective assistance of counsel with the burden of proving absence of prejudice shifting to the prosecutor unless the record shows harmless error, *i. e.*, that it was harmless beyond a reasonable doubt." *Id.* at 474, 534 P.2d at 282.

■ Although we have held that the constitutional right to adequate and effective assistance of counsel necessarily includes allowing counsel reasonable time to prepare his defense, *State v. Yard*, 109 Ariz. 198, 507 P.2d 123 (1973); *State v. McWilliams*, 103 Ariz. 500, 446 P.2d 229 (1968), we believe that the rule enunciated in *Jackson* must be carefully applied and not turned into a per se rule every time a claim of late appointment of counsel is made. Before the burden to show absence of prejudice is shifted to the prosecution, facts must exist which clearly indicate that defense counsel has not had an opportunity to complete the basic tasks customarily performed by counsel prior to going to trial. Thus, in *Jackson*, the substitution of counsel occurred on the day of trial. This late substitution prevented counsel from having the opportunity to read the preliminary hearing transcript, the police report or the grand jury report. As pointed out by the Court of Appeals in *Jackson*, without having the benefit of reviewing the preliminary hearing transcript, counsel for defendant was unable to present possible impeachment evidence. Further, counsel did not have an opportunity to confer with the defendant until the morning of the trial, when he talked with the defendant in the court building hall.

■ This is in marked contrast to the present case where the newly substituted defense counsel was provided time to review the file, examine the scene of the crime, confer with his client, interview the examining physician, and talk with the victim. Therefore, the rule in *Jackson*, shifting the burden to the prosecution, should not have been applied here. Instead, the usual rule concerning the effectiveness of representation should have governed, with the burden upon the defendant to demonstrate that there was a denial of effective representation. Accordingly, the trial court did not err in denying defendant's motion for continuance.

■ We now turn to defendant's assertion that the trial court erred in denying defendant's motion to vacate judgment based upon newly discovered evidence. Before a motion to vacate a judgment and the granting of a new trial will be considered, it must be shown that a newly discovered material fact exists, that the accused has exercised diligence in discovering such fact, and that such fact would probably change the verdict. 17 A.R.S. Rules of Criminal Procedure, rules 24.2(a)(2), 32.1; *State v. Jones*, 125 Ariz. 417, 610 P.2d 51 (1980);

**368**

*State v. Austin*, 124 Ariz. 231, 603 P.2d 502 (1979). The granting or denying of a motion for new trial is within the sound discretion of the trial court and its determination will not be reversed unless an abuse of discretion affirmatively appears. *State v. Jones, supra.* Generally, a new trial will not be granted to permit the introduction of testimony of a witness whose identity was known by the moving party at the time of the original trial. *State v. Urry*, 104 Ariz. 244, 450 P.2d 1018 (1969). Further, the witness who is expected to testify must appear to the court to be credible. His credibility is to be determined by the judge hearing the motion. *State v. Urry, supra; State v. Blankenship*, 99 Ariz. 60, 406 P.2d 729 (1965).

█ As noted above, defendant's original counsel was aware that Solis was a potential witness well in advance of trial. However, due to Solis' statement denying any knowledge of the incident in the police report, coupled with the fact that the whereabouts of Solis and Campos was unknown, neither person was sought as a potential witness. The fact that the whereabouts of these two men was unknown may serve to satisfy the requirement that the defendant show he did not have an ample opportunity to obtain his witnesses, but there has been no showing that their testimony would have probably changed the verdict.

At the post-trial hearing on the motion to vacate judgment, neither Solis nor Campos was present. All that was presented were typed statements signed by each and witnessed by a third person which related that they saw the defendant hugging and kissing the victim prior to the rape. Had this testimony been presented at trial, it is highly unlikely it would have affected the outcome. These statements did not coincide with defendant's testimony on the stand. He stated that he and the victim were holding hands. Also, the fact that Solis was defendant's cousin and Campos was a friend would have affected their credibility. In light of these facts, the trial judge was acting within his discretion in determining

that the presumed testimony of the two would not have changed the verdict. We also note that the offered testimony in the signed statements was not made under oath. We have indicated that the trial court is justified in denying a motion for new trial based upon newly discovered evidence where statements are not made under oath or submitted by affidavit. *See State v. Peters*, 60 Ariz. 102, 131 P.2d 814 (1942); *Rosser v. State*, 45 Ariz. 264, 42 P.2d 613 (1935). The trial court did not err in denying the motion to vacate judgment.

The judgment of conviction and the sentence are affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.