684 P.2d 910

**The STATE of Arizona, Appellant,**

v.

**Lawrence W. CARPENTER, Appellee.**

**No. 2 CA–CR 3269.**

Court of Appeals of Arizona, Division 2.

May 15, 1984.

Rehearing Denied July 5, 1984.

**30**

Stephen D. Neely, Pima County Atty. by Paul G. Lauritzen, Tucson, for appellant.

Stanton Bloom, Tucson, for appellee.

## OPINION

BIRDSALL, Chief Judge.

The state has appealed from an order of the trial court setting aside the appellee's conviction of unlawful offer to sell, unlawful transportation and unlawful possession of a narcotic drug and granting a new trial. The trial court entered this order because a prior conviction of endangerment was used to impeach the appellee when he testified. The endangerment conviction was entered on October 20, 1981. Endangerment, A.R.S. § 13–1201, is a Class six felony if it involved a substantial risk of imminent death to another person. In all other cases it is a Class 1 misdemeanor. The sentencing minute entry by a different superior court judge adjudges the appellee guilty of "ENDANGERMENT, an open-ended offense". The appellee was placed on probation and the court "ordered deferring the decision of whether to treat the matter as a misdemeanor or felony until the end of the probationary period." On August 11, 1983, after the trial on the narcotic charges, the court ordered that the endangerment conviction "shall be treated henceforth as a

misdemeanor." The trial court was made aware of this ruling by the other judge and concluded that prejudicial error had been committed by allowing the use of the prior conviction for impeachment, thus the order granting the new trial leading to this appeal.

The state contends that the endangerment conviction was a felony until such time as it was declared to be a misdemeanor and therefore when it was permitted for impeachment no error was committed. The state also contends the evidence against the defendant was so great that he would have been found guilty regardless of the impeachment.

Both the state and the appellee treat the endangerment conviction as one which could be designated as either a felony or misdemeanor in the discretion of that trial court. A.R.S. § 13–702(H).[1] The state relies upon cases decided prior to the adoption of our new criminal code when it was permissible to delay determination of the designation of the offense as either a felony or misdemeanor. *See State v. Risher*, 117 Ariz. 587, 574 P.2d 453 (1978), Justice Holohan dissenting. These cases hold that an "open-end" offense is a felony for all purposes until treated as a misdemeanor. *See also State v. Raffaele*, 113 Ariz. 259, 550 P.2d 1060 (1976); *In Re Gutierrez*, 82 Ariz. 21, 307 P.2d 914 (1957), cert. den. 355 U.S. 17, 78 S.Ct. 79, 2 L.Ed.2d 23.

Since the adoption of our new code, effective October 1, 1978, the court could no longer delay the designation of an offense as a felony or misdemeanor. *See State v. Wright*, 131 Ariz. 578, 643 P.2d 23 (App.1982). Also under the new code, Arizona no longer has open-ended offenses. *Wright, supra.*

However, the state's reliance upon these cases is misplaced. Those cases

---

1. In relevant part only, this statute provides:
   "H. Notwithstanding any other provision of this title, if a person is convicted of any class 6 felony not involving the intentional or knowing infliction of serious physical injury of the use of a deadly weapon or dangerous instrument and if the court, having regard to

   the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court may enter judgment of conviction for a class 1 misdemeanor and make disposition accordingly...."

all concern truly open-end offenses. The crime of endangerment is not an open-ended offense. A.R.S. § 13–1201 makes it a felony only if it involved a substantial risk of death to another. No such finding appears in the sentence. Although the sentence does recite, "Pursuant to the defendant's prior plea of GUILTY to the crime of ENDANGERMENT, a Class 6 open-ended felony, ...", it also contains the judgment of guilty to "ENDANGERMENT, an open-ended offense." Our record does not contain the plea agreement or any transcripts in the endangerment case. As we have already noted, the trial court deferred making any designation. Where an offense is a felony only because of the existence of a necessary element that distinguishes it from a misdemeanor offense, it is not a felony in the absence of a determination that the element is present. In other words, if the appellee's sentence was for the crime of endangerment involving a substantial risk of imminent death to another, then it would be a felony until later treated as a misdemeanor under A.R.S. § 13–702(H). Since it was never determined, on the record before us, that the offense was a felony, and since it did not involve dishonesty or false statement [2], it should not have been used to impeach the appellee in the instant case. *See* Rule 609, Rules of Evidence, 17A A.R.S.

We reject the appellant's argument that this constituted harmless error. As the appellee argues, the defense to the narcotics charges was entrapment. Thus the appellee's credibility became an important issue. The use of the "prior" could have affected the verdict. Furthermore, we defer to the judgment of the trial court when a new trial has been ordered unless an abuse of discretion has been shown. We find no abuse here. *State v. Salinas*, 129 Ariz. 364, 631 P.2d 519 (1981).

Affirmed.

HOWARD and HATHAWAY, JJ., concur.

2. Endangerment is defined as "... recklessly endangering another person with a substantial risk of imminent death or physical injury." A.R.S. § 13–1201(A).