807 P.2d 1109

**STATE of Arizona, Appellee,**

v.

**John A. SERNA, Appellant.**

**No. CR–89–0341–AP.**

Supreme Court of Arizona,
En Banc.

March 12, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Jack Roberts, Asst. Attys. Gen., Phoenix, for appellee.

George M. Sterling, Jr., Phoenix, for appellant.

## OPINION

MOELLER, Justice.

### FACTS AND PROCEDURAL BACKGROUND

The facts are set out in detail in our earlier opinion upholding defendant's conviction and sentence for first degree murder. *See State v. Serna,* 163 Ariz. 260, 787 P.2d 1056 (1990). We recount them only briefly here.

Defendant was an inmate at the Perryville prison and was charged with first degree murder after the body of a fellow inmate, Pat Chavarria, was discovered in the prison laundry room. Chavarria had been beaten to death with an eighteen-inch metal bar. Defendant's first trial resulted in a hung jury. A second jury convicted defendant of first degree murder and the trial court sentenced him to death. We affirmed both the conviction and sentence on direct, automatic appeal.

In the meantime, defendant filed a motion to vacate the judgment pursuant to 17 A.R.S. Ariz.R.Crim.P. 24.2 and 32.1, alleging the existence of newly discovered evidence justifying relief. In support of the motion, defendant argued that the newly discovered testimony of several inmates would show that another inmate, Tony Apodaca, was the murderer. Apodaca had testified for the state at the earlier trials. The trial judge conducted an extensive evidentiary hearing to hear and evaluate the newly proffered evidence. After doing so, he denied the motion to vacate judgment. Defendant appealed. We have jurisdiction pursuant to A.R.S. §§ 13–4031 and –4033, and Ariz. Const. art. VI, § 5(3).

## ISSUE

Whether the trial judge abused his discretion in denying defendant's motion to vacate judgment.

## DISCUSSION

█ Motions for new trials based on newly discovered evidence are disfavored, and we grant them cautiously. *State v. Schantz,* 102 Ariz. 212, 214, 427 P.2d 530, 532 (1967). Absent an abuse of discretion, we will not disturb a trial judge's determination that a new trial for newly discovered evidence is not necessary. *State v. Fisher,* 141 Ariz. 227, 251, 686 P.2d 750, 774, *cert. denied,* 469 U.S. 1066, 105 S.Ct. 548, 83 L.Ed.2d 436 (1984).

To warrant post-conviction relief based on newly discovered evidence, the material presented must meet five requirements: (1) the motion must show that the evidence relied on is, in fact, newly discovered; (2) the motion must allege facts from which the court can infer due diligence; (3) the evidence relied on must not be merely cumulative or impeaching; (4) the evidence must be material to the issue involved; and (5) *it must be evidence which, if introduced, would probably change the verdict if a new trial were ordered. See* 17 A.R.S. R.Crim.Proc. 24.2(a)(2), 32.1(e); *State v. Jeffers,* 135 Ariz. 404, 426, 661 P.2d 1105, 1127, *cert. denied,* 464 U.S. 865, 104 S.Ct. 199, 78 L.Ed.2d 174 (1983); *State v. Salinas,* 129 Ariz. 364, 367–68, 631 P.2d 519, 522–23 (1981).

█ Defendant's essential argument is that the trial court must accept newly discovered testimony at face value and that only a new jury may assess its credibility. This argument misconceives the trial judge's role in considering a motion to vacate based on newly discovered evidence.

In evaluating the motion in this case, the trial court found that the evidence was newly discovered; that defense counsel had exercised due diligence; that the evidence, although much of it was merely impeaching of Apodaca, was not merely cumulative; and that the evidence was material. However, the court found lacking the cru-

cial requirement that the evidence, if introduced, probably would have changed the verdict. Part of the trial judge's evaluation of the evidence is as follows:

I have considered the testimony of all the witnesses who testified and I find that their credibility is greatly lacking— and I am not saying that Tony Apodaca is credible either in and of himself.

.     .     .     .     .

As far as the witnesses who testified, Mr. Johnson, I found him to be totally incredible. He stated the victim was a black man. [The victim was Hispanic.] I simply did not believe Tony Deen's testimony. It was contrary to the evidence at trial, both physical and testimonial, . . . .

.     .     .     .     .

As far as Mr. Nickerson, his testimony was virtually all over the wall. I found him to be totally incredible.

So that left with—with us Mr. Paredes [Peritez] who really didn't say anything opposite as to what Mr. Apodaca testified to.

.     .     .     .     .

Mr. Stinson and Mr. Perez, their testimony on its face may be more credible than the other ones, however, I didn't find their testimony to be credible.

I found serious inconsistencies in their testimony. I don't know what their motives are. I can't really find out what their motives are for giving different stories to I & I and different stories in court.

. . . and I simply cannot find that their testimony would result in the acquittal of the defendant—probably result in the acquittal of the defendant.

Because defendant's motion to vacate relies on witnesses willing to testify at a new trial, those witnesses must appear worthy of belief *to the trial judge* hearing the motion. 17 A.R.S. R.Crim.P. 24.2(a)(2), 32.-1(e); *Jeffers,* 135 Ariz. at 426, 661 P.2d at 1127; *Salinas,* 129 Ariz. at 368, 631 P.2d at 523. In judging the potential credibility of a prospective witness, the trial judge does not usurp the function of the jury. *State*

*v. Urry*, 104 Ariz. 244, 245, 450 P.2d 1018, 1019 (1969); *State v. Blankenship*, 99 Ariz. 60, 65, 406 P.2d 729, 734 (1965). Rule 32.1(e) specifically requires the *court* to consider "the probability that such [newly discovered] facts, if introduced would have changed the verdict...."

Here, the trial judge denied defendant's motion because he found that the new evidence, if introduced, would not "probably change" the verdict. The trial judge's analysis of the evidence was within his discretion. The new witnesses had been questioned two years earlier by Department of Corrections investigators shortly after the murder, and had either denied any knowledge of the murder or had made statements completely contradictory to their present ones. The witnesses also had lied to defense counsel and his investigator, had read about the murder in the newspapers, and had discussed it with one another. One witness erroneously thought the victim was black. The trial judge listened to the testimony at the evidentiary hearing and compared it not only to the earlier trial testimony, but to the physical evidence in the case, including blood spatters of a relatively rare type and evidence gleaned from a jury visit to the scene.

As we stated in *State v. Turner:*

> The new evidence must be such as would have probably resulted in the acquittal of the accused had it been produced at the trial, and it is therefore *necessary that it shall appear to the court hearing the motion that it is probably true.* The witness who is expected to testify must appear **to the court** to be credible. *His credibility is to be determined by the judge hearing the motion....* The refusal of a new trial for newly-discovered evidence on an affidavit incredible in view of the claim made and evidence of the trial is not error.

⸻ ⸻ ⸻ ⸻ ⸻

The trial judge was in a much better position than we are to determine the weight to be given the [testimony] and whether or not the testimony set forth

... would probably change the result in case of a new trial.

104 Ariz. 469, 471–72, 455 P.2d 443, 445–46 (1969) (citation omitted) (emphasis added).

## DISPOSITION

The trial judge did not abuse his discretion in denying defendant's motion to vacate based on newly discovered evidence. Affirmed.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and CORCORAN, JJ., concur.