NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JUSTIN ANDREW YANCY, *Appellant.*

No. 1 CA-CR 13-0640
FILED 07-03-2014

Appeal from the Superior Court in Maricopa County
No. CR 2012-007266-001
The Honorable Jeffrey A. Rueter, Judge *Pro Tempore*

**AFFIRMED**

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Spencer D. Heffel
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Donn Kessler joined.

**J O N E S**, Judge:

**¶1**        Defendant Justin Yancy timely appeals his conviction of endangerment, a class one misdemeanor and domestic violence offense.

**¶2**        After searching the record on appeal and finding no arguable question of law that was not frivolous, Yancy's defense counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this Court to search the record for fundamental error. Yancy has been afforded an opportunity to file a supplemental brief, *in propria persona*, and has not done so. After reviewing the record, we find no error and, therefore, affirm Yancy's conviction and sentence.

## Background[1]

**¶3**        Yancy lived with his mother and younger brother in a Scottsdale apartment. On January 23, 2012, while cleaning his .22 rifle in his bedroom, and apparently unaware a bullet was in the chamber, Yancy pulled the trigger. The rifle discharged, with the bullet passing through the wall of Yancy's bedroom, through two bathrooms, and continuing through to his mother's bedroom, where his mother was sitting on her bed watching television. The bullet exited his mother's bedroom wall, after passing within one to five feet from her, leaving his mother unharmed. When the younger brother informed his teacher of the incident, and school authorities contacted the Scottsdale police department, police conducted a welfare check at the residence. Yancy admitted the events of the prior night to the officers.

**¶4**        Yancy was initially indicted for endangerment, a class six felony and a domestic violence offense, in violation of Arizona Revised Statutes (A.R.S.) sections 13-1201 (2014) and -3601 (2014).[2,3] On the State's motion, the trial court later amended the charge to a class one misdemeanor. Yancy then rejected the State's offer to reduce the charge to

---

[1] We view the evidence in the light most favorable to upholding the verdict, and we resolve all reasonable inferences against the defendant. *State v. Guerra,* 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

[2] A.R.S. § 13-3601(A)(4) provides that endangerment is a domestic offense if "[t]he victim is related to the defendant . . . by blood . . . as a parent."

[3] Absent material revisions, we cite the current version of statutes and rules unless otherwise indicated.

a class two misdemeanor, pleaded not guilty, and the matter proceeded to a trial to the court.

¶5        During trial, Yancy testified his father had instructed him how to clean his rifle; thereby admitting he knew how to do so. Yancy further acknowledged that proper gun handling procedure required not pulling a trigger inside a house. Yancy also indicated the last time he fired the rifle was a month prior to the incident, he did not recall leaving bullets in the chamber, and believed the chamber was empty at the time he cleaned the rifle. Yancy did not know why he pulled the trigger, stating:

> Q: So if you didn't have to do it for cleaning, why did you do it?
>
> A: I don't really remember. I mean, I did it, and I was scared afterwards.
>
> Q: Did you put a lot of thought into pulling this trigger?
>
> A: No.
>
> Q: I guess – did you even put the thought in this saying: I'm going to pull the trigger now?
>
> A: No.
>
> Q: So you're not sure even sure [sic] why you did this?
>
> A: Definitely.

¶6        The trial court found Yancy guilty of endangerment, a class one misdemeanor and a non-dangerous and non-repetitive offense. A.R.S. § 13-1201. In addition, the trial court determined the misdemeanor was a domestic violence offense. See A.R.S. § 13-3601(A)(4). In consideration of Yancy's history of good behavior, and because the offense was reckless rather than intentional, the trial court suspended his sentence and placed Yancy on six months unsupervised probation.

## Discussion

¶7        After a diligent search of the entire record, Yancy's counsel has advised this Court he found no arguable question of law. We have fully reviewed for reversible error, and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.

¶8          In order to convict a person of endangerment, the State must prove beyond a reasonable doubt that a person "recklessly endanger[ed] another person with a substantial risk of imminent death or physical injury." A.R.S. §§ 13-115(A), -1201(A).  A class one misdemeanor offense of endangerment, however, includes "all other cases" not involving a "substantial risk of imminent death." A.R.S. § 13-1201(B); *State v. Carpenter*, 141 Ariz. 29, 31, 684 P.2d 910, 912 (App. 1984) (noting the crime of endangerment is "a felony only if it involved substantial risk of death to another").  Although a conviction under § 13-1201 requires the State to prove the defendant placed the victim at a substantial risk of physical injury, reckless endangerment does not require that the victim actually sustain a physical injury. *Campas v. Superior Court*, 159 Ariz. 343, 345, 767 P.2d 230, 232 (App. 1989). A person acts recklessly when he "is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur," and that risk is "of such nature and degree that disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." A.R.S. § 13-105(10)(c).

¶9          Based upon our review of the record, we find substantial evidence supports Yancy's conviction. Substantial evidence is "such proof that 'reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'" *State v. Mathers*, 165 Ariz. 64, 67, 796 P.2d 866, 869 (1990) (citation omitted). Given the common understanding of the inherent dangerousness of guns as well as his prior experience with this specific rifle, Yancy was aware of the substantial and unjustifiable risk inherent in pulling the trigger while in his apartment, and the threat such an act posed to other persons in the apartment complex, particularly, his mother and brother with whom he resided. Furthermore, although Yancy failed to ensure the rifle was not loaded before beginning to clean it, he nonetheless pulled the trigger while cleaning it and thereby risked the possibility of an accidental discharge, even though he believed the rifle to be unloaded. Such actions fall well below the standard of conduct a reasonable person would engage in as Yancy confirmed in his testimony.  See A.R.S. § 13-105(10)(c). Finally, the trajectory of the bullet indicated Yancy did in fact expose his mother to a substantial risk of physical harm: the bullet passed within one to five feet from where she was seated. *See United States v. Hernandez-Castellanos*, 287 F.3d 876, 879 (9th Cir. 2002) (stating a felony conviction under A.R.S. § 13-1201 required proof the defendant's "conduct did in fact create . . . a substantial risk as to each victim") (citing *State v. Doss*, 192 Ariz. 408, 411, ¶ 9, 966 P.2d 1012, 1015 (App. 1998). We conclude ample evidence supports Yancy's conviction.

**¶10** After the filing of this decision, defense counsel's obligations pertaining to Yancy's representation in this appeal have ended. Yancy's counsel need do no more than inform Yancy of this appeal's outcome and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

**¶11** Yancy has thirty days from the date of this decision to proceed with an *in propria persona* petition for review, if he so wishes. *See* Ariz. R. Crim. P. 31.19(a). Upon our own motion, we also grant Yancy thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.

## Conclusion

**¶12** We affirm Yancy's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: gsh