NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DILLON DELIN CARTER, *Petitioner*.

No. 1 CA-CR 22-0221 PRPC
FILED 2-16-2023

Appeal from the Superior Court in Yavapai County
No. P1300CR201700370
The Honorable Debra R. Phelan, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

APPEARANCES

Yavapai County Attorney's Office, Prescott
By Karolina J. Czaplinska
*Counsel for Respondent*

Dillon Delin Carter, Kingman
*Petitioner*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig, Judge Randall M. Howe, and Judge D. Steven Williams delivered the decision of the court.

---

**PER CURIUM**:

**¶1**         Dillon Delin Carter petitions this court for review of the dismissal of his petition for post-conviction relief. For reasons stated, we grant review and deny relief.

**¶2**         Carter pled guilty to attempted sexual conduct with a minor, molestation of a child, and sexual abuse, all dangerous crimes against children ("DCAC"). In 2017, the trial court sentenced Carter to a flat term of 10 years' imprisonment, followed by lifetime probation. In 2022, Carter petitioned for post-conviction relief. The court summarily dismissed the petition because it was untimely. This petition for review followed.

**¶3**         Carter claims newly discovered evidence and a significant change in the law entitle him to an evidentiary hearing. *See* Ariz. R. Crim. P. 33.1(e), (g). Specifically, he argues that a 2021 amendment to A.R.S. § 13-702(A) constitutes a significant change in law and that he should be resentenced as a first-time felony offender instead of a DCAC offender.

**¶4**         We review the trial court's denial of post-conviction relief for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).

**¶5**         Generally, a defendant must petition for post-conviction relief within 90 days after sentencing. Ariz. R. Crim. P. 33.4(b)(3)(A). However, a claim arising under Rules 33.1(b) through (h) may be filed after 90 days, if the defendant "explain[s] the reasons . . . for not raising the claim in a timely manner." Ariz. R. Crim. P. 33.2(b)(1). The defendant must also file the claim "within a reasonable time after discovering the basis for the claim." Ariz. R. Crim. P. 33.4(b)(3)(B).

**¶6**         Carter offered no explanation why he failed to timely raise his claim. Consequently, it is precluded. Carter also failed to raise a colorable claim because he did not identify what amendment to § 13-702 constituted a "transformative event" that applies to his case. *State v. Shrum*, 220 Ariz. 115, 120, ¶ 15 (2009). Furthermore, a new legal claim is not newly

discovered evidence under the rule. *See State v. Serna*, 167 Ariz. 373, 374 (1991) (describing the elements required for a claim of newly discovered evidence). For these reasons, the trial court did not abuse its discretion in summarily dismissing Carter's claims.

¶7          For the foregoing reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA